UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT J. SOLAR**<br>    **LA. DOC #128129**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-1325**<br><br>**SECTION P**<br><br>**JUDGE JAMES T. TRIMBLE, JR.** |
| **PARISH OF ST. MARTIN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Robert J. Solar, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 22, 2012.  Plaintiff is incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana, however he complains that he was illegally convicted and sentenced and he sues St. Martin Parish, where the conviction occurred, Chester Cedars, the Assistant District Attorney who prosecuted him, and Joslyn Alex, the Public Defender who represented him in the criminal prosecution. He seeks compensatory and punitive damages.  In a separate motion he seeks appointment of counsel. [Doc. 8]This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking monetary relief against defendants who are immune from suit.

*Background*

Plaintiff was charged with aggravated kidnaping, carjacking, and  armed robbery in the Sixteenth Judicial District Court, St. Martin Parish.  Joslyn Alex was the public defender

appointed to represent him and Chester Cedars was the prosecutor. On November 13, 2001, pursuant to a plea agreement negotiated by the plaintiff and the defendants, plaintiff pled guilty to armed robbery and was sentenced to serve 25 years at hard labor; the other charges were dismissed. According to plaintiff, prior to the plea, Cedars dismissed ALL charges and then later he and Alex "surreptitiously coerced plaintiff into waiving his federal constitutional rights" and pleading guilty to the armed robbery charge. He now contends that the defendants "... did individually, severally and in joint active concert with one another proximately cause plaintiff to go to State prison for said 11 years of a 25 year illegal sentence as a result of an illegal conviction of which they arranged and orchestrated."

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

*2. Prosecutorial Immunity*

Plaintiff seeks money damages from Mr. Cedars, the Assistant District Attorney who was in charge of plaintiff's criminal prosecution. Any claim for monetary damages against Assistant District Attorney Cedars is barred by the doctrine of absolute prosecutorial immunity. A district attorney, and his assistants, are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128

3

(1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against Mr. Cedars is based on his role as prosecutor in plaintiff's criminal trial. Because the complained of conduct – negotiating and presenting plaintiff's guilty plea – was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

### 3. State Actor

Plaintiff's claim against Ms. Alex fares no better, but for a different reason. Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Ms. Alex, plaintiff's court-appointed criminal defense attorney, is not a "state actor" and cannot be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).

Consequently, plaintiff's claim against Ms. Alex lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

4

*4. Heck v. Humphrey Considerations*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff does not contend that his armed robbery conviction has been reversed, expunged, or declared invalid. If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of the state court's finding of guilt.

Accordingly, under *Heck*, plaintiff must demonstrate that his conviction has been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. See *Hamilton*, 74 F.3d at 103. Plaintiff has failed to make such a showing. Consequently, his claims for declaratory judgment and monetary damages are "legally frivolous" within the meaning of 28 U.S.C. §1915.

*Hamilton*, 74 F.3d at 103. A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Id.* at 102.

### 5. St. Martin Parish

Plaintiff has sued St. Martin Parish. In order to hold a Louisiana parish liable under Section 1983 for the misconduct of its employees, a civil rights plaintiff must allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy this requirement, the plaintiff must allege that the custom or policy he has identified either served as a moving force behind the constitutional violation at issue or that his injury resulted from the execution of an official policy or custom. The description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir.1997) Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir.1993). Plaintiff has alleged that the Parish is liable because the conduct of Mr. Cedars and Ms. Alex established a failure to train. This conclusory allegation is insufficient to state a claim for which relief may be granted.

### 6. Declaratory Judgment

Further, to the extent that plaintiff seeks a judgment declaring his conviction and sentence unlawful, such judgment would, by definition, result in his release from his present incarceration. As such, he is advised that such relief – release from custody – is not available by way of a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a

§ 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition ... is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

To the extent that plaintiff complains that he has been unlawfully imprisoned pursuant to the false criminal charges, he is raising claims which challenge the validity of his criminal proceedings. *See Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the *habeas* sections of Title 28 of the United States Code."); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*"). Further, petitioner is advised, that before he can seek *habeas* relief in the federal courts, he must first exhaust all available state court remedies and, he must file such action within the period of limitation established by Louisiana and Federal law.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 24, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE